## JOSEPH R. McINNES *vs.* WETMORE A. STUART.

Barnstable. March 5, 6, 1929. — May 28, 1929.

Present: RUGG, C.J., CROSBY. PIERCE, CARROLL, & FIELD, JJ.

*Practice, Civil,* Amendment. *Contract,* Modification, Performance and breach. *Agency,* Existence of relation, Ratification by principal. *Joint Tenants and Tenants in Common.*

The declaration in an action of contract against two persons who were tenants in common of land was upon an agreement in writing dated March 1, whereby the defendants agreed to accept a certain sum, "net to us," for the property if it were sold within thirty days to the town wherein it was located, and agreed that the plaintiff as their

representative should be entitled to retain any sum in excess of the sum specified for his services without holding the defendants for a commission. One of the defendants having died, the plaintiff discontinued as against him. At the trial it appeared that the property never was sold to the town, but that the town, at a meeting on March 4, appropriated $15,000 for the purpose of acquiring the property; and that, after proceedings by the park commission on April 25 approved by the town on July 25, the park commission made an order of taking of the property on August 2, which was recorded on August 3. There was evidence that the defendant who died knew of efforts by the plaintiff relative to the taking of the land before and after the town meeting on March 4 and until August 3; that the surviving defendant and the plaintiff conferred several times at that defendant's office; and that, at the request of the plaintiff, that defendant was present at the conclusion of the transaction with the town counsel. At the close of the evidence, the trial judge allowed a motion by the plaintiff for leave to amend the declaration by adding allegations that the agreement was modified by mutual consent of the parties to include a taking of the land by the town by eminent domain and to extend the time for performance for a reasonable time after the thirty days originally specified. After the recording of a verdict for the plaintiff with leave reserved under G. L. c. 231, § 120, the judge, subject to the defendant's exception, denied a motion by the defendant that a verdict be entered in his favor. *Held*, that

(1) No abuse of discretion appeared in the allowance of the motion to amend the declaration;

(2) The plaintiff, not having effected a sale of the property to the town, could not recover upon the original agreement;

(3) The mere facts that the defendants were tenants in common of the land and executed together the agreement with the plaintiff did not warrant a finding that the defendant who died had implied authority to act for the surviving defendant in modifying the agreement;

(4) Findings were not warranted that the defendant who died ever assented to a modification or that the surviving defendant ever assented to it or ratified any act of the other defendant to that end;

(5) The surviving defendant's exception was sustained and judgment ordered in his favor.

CONTRACT, originally against Wetmore A. Stuart and William S. Harper. Writ dated August 18, 1924.

Harper having died, the plaintiff was allowed to discontinue as against him. The declaration and an amendment thereto, and material evidence at the trial in the Superior Court before *Broadhurst*, J., are described in the opinion. There is no town of Hyannis. The villages of Hyannis and Hyannisport are in the town of Barnstable.

At the close of the evidence, the judge denied a motion

by the surviving defendant that a verdict be ordered in his favor. A verdict for the plaintiff in the sum of $3,656 was recorded subject to leave reserved by the judge under G. L. c. 231, § 120, to order the entry of a verdict for the defendant. · The judge subsequently denied a motion by the defendant that such a verdict be entered, and the defendant alleged exceptions. It was stated in the bill of exceptions that the defendants were tenants in common of the property in question.

*J. T. Batchelder*, for the defendant.

*C. C. Paine*, for the plaintiff.

PIERCE, J. This is an action of contract in which the plaintiff seeks to recover of the defendant $3,000 for services rendered the defendant pursuant to the following written instrument: "It is Herein Understood and Agreed that we, the undersigned, being joint owners of a certain piece of property at Hyannisport, commonly called Port View Lodge, agree to accept the sum of twelve thousand dollars (12000) net to us, in the event of a sale being made within thirty (30) days from this date to the town of Hyannis or their agents; and our agent or representative shall retain for his services whatever the amount may be in excess of $12,000 and in no way holding us for a commission or other expense,— title to be given and all money to be paid to the undersigned. We also give our representative or agent full power to act in our interests. Boston, Mass., March 1, 1924. (Signed) Wetmore A. Stuart. Wm. S. Harper." The defendant Harper died after the issuance of the writ on August 18, 1924, and before its entry in the Superior Court, and the judge allowed the action against him to be discontinued on the motion of the plaintiff.

At the conclusion of the evidence the plaintiff was allowed, over the defendant's objection and exception, to amend his amended declaration so as to allege a modification of the written contract declared on, by inserting in said declaration the following additional allegation: "And it was mutually agreed by and between the parties that the original agreement be modified to include a taking by the town by eminent domain as well as a sale to the town, and that the time for

the performance of said agreement was to be extended for a reasonable time beyond the thirty day period mentioned in said agreement." The allowance of the motion to amend was within the discretion of the judge, which does not appear to have been abused. *Lowrie* v. *Castle,* 225 Mass. 37, 39. G. L. c. 231, § 51.

On the defendant's written motion for a directed verdict in his favor the questions before us are (1) Did the plaintiff within thirty days after March 1, 1924, bring about a sale of the defendants' land to the town of Hyannis for a sum of money in excess of $12,000 net to the defendants, Wetmore A. Stuart and William S. Harper? and (2) If the plaintiff was not the efficient cause of a sale of the property of the defendants, or did not effect a sale within thirty days of the date of the agreement, was the written original agreement modified by mutual consent of the parties to include a taking by eminent domain as well as a sale to the town and to extend the time for the performance of said agreement for a reasonable time beyond the thirty day period mentioned in said agreement?

The land of the defendants described in the agreement was never sold "to the Town of Hyannis or their agents." In fact, after an appropriation by the town of Barnstable of $15,000 for the purpose of acquiring the property "by purchase or by right of eminent domain," the park commission on April 25, 1924, filed a "Report of the Taking and Laying Out" of said parcel, in the office of the town clerk. A town meeting held on July 25, 1924, unanimously voted "that the Report of said Park Commission . . . be accepted, approved and allowed as filed and read," and an actual "Order of Taking and Laying Out" by the park commission by right of eminent domain was made on August 2, 1924, and was filed in the registry of deeds on August 3, 1924. On the above facts it is patent the plaintiff did not effect a sale of the land of the defendants or perform the acts to be done and accomplished which would entitle him to receive any money from the defendants.

A careful examination and study of the bill of exceptions, which contains "all the facts and evidence material to the questions involved," discloses no evidence that the parties

to the agreement dated March 1, 1924, ever got together after that date and formally agreed that the terms and conditions of the written instrument should be modified or changed in any manner whatsoever. Indeed, the plaintiff concedes that there was no meeting of the parties at which it was "mutually agreed by and between the parties that the original agreement be modified," but contends that the jury would be warranted in finding by reasonable implication that the defendant Harper fully consented and agreed to the modification of the original agreement from the fact that he knew that the plaintiff before and after the town meeting on March 4, 1924, and until the taking on August 3, 1924, had conferences with various people in reference to the taking of the land; that he probably knew that the plaintiff went down to Hyannis eight or ten times in regard to this matter; that after the town meeting in July and up to the meeting of the park board when they voted to take this property he went down two or three times and met a member or members of the park commission at the post office. In respect to his visits to Hyannis, the plaintiff testified that between March 1, 1924, and the time of the taking on August 2, 1924, Stuart never came down there so far as he knew but he talked with him in Boston between those times both at Stuart's place of business and at his office eight or ten times, the talk being in general about what the price would be and if it would go through, "and their relations were very friendly and everything was peaceful."

He further contends that an alleged offer of Stuart to pay $500 and later one half of the amount claimed was an admission that the original contract was actually modified as now contended by the plaintiff; that the fact that Stuart came to Hyannis at the request of the plaintiff to conclude the transaction with the town counsel, Mr. Bodfish, was evidence of assent and ratification; that the fact that Stuart and Harper were copromisors to the plaintiff in the first instance was evidence of an implied authority to act for each other; and finally, that Stuart is estopped to disaffirm the acts of Harper because, knowing of them, he made no open objection thereto. The evidence of the fact that Harper and

Stuart were coöwners of the property and copromisors to the plaintiff in the original agreement was not in itself sufficient to warrant a finding that the relation of the parties was such that Stuart and Harper had implied authority to act for each other, and, in so acting, could change the substance of the original agreement in its most important terms.   Moreover, there is no evidence that Harper for himself or as agent for Stuart ever formally agreed to any modification of the original contract.   In the absence of any definite act of assent to the alleged modification of the contract or of any adoption of any alleged act of Harper to this end, the evidence would not warrant a finding that Harper was the agent of Stuart, authorized to modify the contract, or a finding that Stuart himself agreed to the alleged modification.

The motion for a directed verdict for the defendant should have been allowed.   The defendant's exceptions are sustained, and judgment for the defendant may be entered under G. L. c. 231, § 122.

*So ordered.*