Nettie C. Nolan, Appellant, v. Anna Sloan and Julia Sloan, Appellees.

Gen. No. 9,214.

72

THOMAS SWEENEY, of Taylorville, for appellant.

HERSHEY & BLISS and DANIEL H. DAILEY, of Taylorville, for appellees.

MR. JUSTICE FULTON delivered the opinion of the court.

On the 26th day of March, A. D. 1926, Mrs. James H. Nolan and James H. Nolan made and executed a promissory note for the sum of $5,000, payable to the First National Bank of Morrisonville, Illinois, due one year after the date thereof, with 7 per cent interest per annum, until paid, payable semiannually. Attached and made a part of the note was a power of attorney providing for the collection of same by confessing judgment thereon, and containing the usual provisions of an ordinary judgment note. On the back of the note was shown the following:

"For value received, the undersigned do hereby jointly and severally guarantee the payment of the within note at maturity or at any time thereafter, with seven per cent interest per annum from date, and agree to pay all costs, expenses and attorney's fees paid or incurred in collecting the same from or in prosecuting any suit against any one or more of the makers, endorsers or guarantors of said note, and hereby waive any and all demand notice, protest and notice of protest and consent without notice to any extension of time by the holder." Then followed a similar warrant of attorney to that on the face of the note, providing for the collection of same by confessing judgment at maturity or at any time thereafter against any one or more than any one of the subscribers thereto. This guaranty was signed by Geo. Sloan, Mary

Nolan Sloan, Anna Sloan (a defendant appellee herein), Julia Sloan (a defendant appellee herein) Wm. T. Sloan, Mrs. James H. Nolan and James H. Nolan.

On the 4th day of February, A. D. 1937, during the ninth year after maturity of said note, the plaintiff appellant, the then-owner of the note, entered a judgment by confession for the sum of $4,365.90, in the circuit court of Christian county against the defendants appellees, Anna Sloan and Julia Sloan. The confession was based upon the note above described to which the appellees were not makers or parties nor does the power of attorney attached to the note purport to be executed by either of them.

The defendants appellees, on June 3, 1937, filed a motion to set aside the judgment or to open up the judgment and for leave to plead, which was allowed and appellees given 10 days in which to plead. The defendants appellees then filed motion to strike the original complaint alleging that the cause of action was based on a promissory note, when in fact by virtue of the instrument attached thereto, any cause of action against the appellees must be based upon the guaranty upon the back of the said note, which was no part of the said promissory note itself. Also that there was no sufficient allegation in the complaint that the defendants ever became bound to pay said note because it failed to state that the note was not paid by the makers thereof at maturity. This motion was allowed by the court on January 10, 1938, and by the same order, plaintiff was given 10 days to amend complaint.

On February 1, 1938, the plaintiff appellant filed an amended complaint which sought judgment based upon the guaranty purporting to be signed by the defendants appellees. A motion to strike the amended complaint was filed by the said appellees, setting forth as grounds therefor that the statute of limitations had run against any action based upon the guaranty. The court sustained this motion and dismissed the amended

complaint on December 12, 1938. Thereafter, leave of court first being obtained, the plaintiff appellant, on December 30, 1938, filed a second amended complaint seeking judgment on the guaranty found on the back of the said promissory note. The defendants appellees again filed a motion to strike, setting forth similar grounds to those already passed upon by the court in granting the motion to strike the first amended complaint, and which motion was sustained by the court, and the second amended complaint stricken. The defendants appellees then moved for judgment and plaintiff appellant asked for leave to amend the complaint. The court denied plaintiff's motion for leave to amend complaint and then sustained defendants' motion for judgment and entered the same in favor of the defendants appellees and against the plaintiff appellant for costs.

In prosecuting an appeal from that judgment the plaintiff appellant contends that the action of the court in granting the motion to strike the first amended complaint; the granting of the motion to strike the second amended complaint, the denying of plaintiff appellant's motion for further leave to amend the complaint, and the entering of judgment for defendants appellees and against the plaintiff appellant are errors upon which she relies for reversal.

It is the theory of the appellant that because of the fact that the note was incorporated within the pleadings the guaranty on the back of the note was sufficient to inform the defendants of the claim or defense they were called upon to meet, citing the holding in *Engle v. City of Chicago*, 290 Ill. App. 604 (Abst.), which reads "Under Civil Practice Act, pleadings are to be liberally construed with view to doing substantial justice between parties, and no pleading is to be deemed bad in substance which shall reasonably inform opposite party of nature of claim or defense which he shall be called upon to meet." and further contending that because

of the principle established in the case of *Metropolitan Trust Co. v. Bowman Dairy Co.*, 369 Ill. 222, and section 46 of the Civil Practice Act, the statute of limitations does not apply to a cause of action set out in the amended pleading which grew out of the same transaction or occurrence set up in the original pleading.

The question in this case, therefore, turns on the question of whether or not the subject matter of the amended complaints arose out of the same transaction as that stated in the original complaint. Our courts have held that a guaranty is an absolute undertaking, that the maker would pay the note when due, and by the default of the principal an immediate liability exists. *Holm v. Jamieson*, 173 Ill. 295. It was there stated that "the undertaking of the guarantor was an independent contract." In *Abbott v. Brown*, 131 Ill. 108, it was held that " 'a guarantor cannot be sued with his principal, for his engagement is strictly an individual contract, and not an engagement jointly with his principal.' . . . The liability of the maker of the note and the guarantor were separate and distinct. To enforce the liability of the maker an action should be brought on the note against him, while to enforce the liability of the guarantor an action could only be brought on the contract of guaranty." In this case there is no evidence on the face of the instrument or otherwise that the execution of the note and the making of the guaranty were one and the same transaction.

The original complaint was based entirely upon the promissory note although directed against two of the guarantors. It was filed in apt time, on February 4, 1937, and before the 10-year period had expired since the maturity of the note on March 26, 1927. No complaint is made of the action of the court in striking the original complaint. Neither of the appellees had signed the note or the power of attorney to confess judgment. Both the first and second amended complaints were based upon the guaranty and were filed after the stat-

ute of limitations had run. The undertaking of the appellees as guarantors was an entirely separate and independent contract from that of the principal debtors, and makers of the note, and any complaint based upon the contract of guaranty was the statement of a new cause of action, and in our opinion barred by the statute of limitations. In the case of *In re Estate of Whipple*, 285 Ill. App. 491, it was held that a note for principal and another for interest involve distinct promises constituting different causes of action, and that a claim filed for money due on interest coupons cannot afterwards be amended when the one-year limitation statute has run to a claim based upon a principal note.

The plaintiff appellant never had any right of action against the appellees, except upon the contract of guaranty which obligated them to pay the note at maturity or thereafter if the same was not paid when due. She permitted 10 years to run before filing any complaint, based on the guaranty, and could not afterwards, by way of amendment to an entirely different cause of action, be allowed to revive such claim.

We feel that the court correctly allowed the motions to strike the first and second amended complaints, and in denying further amendment.

The judgment of the trial court, based upon such rulings, is therefore, affirmed.

*Affirmed.*