CALVIN McCUTCHEON *v.* ROY H. LEONARD.

Special Term at Rutland, November, 1945.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 8, 1946.

*Edward G. McClallen, Jr.,* and *George M. Goddard,* for the defendant.

*Lawrence & O'Brien* for the plaintiff.

JEFFORDS, J. This case has been here twice before. See 112 Vt 172, 22 A2d 186, and 114 Vt 38, 39 A2d 348. As previously stated in 112 Vt at page 39 it is an action brought against the defendant as former sheriff of Rutland County, under P. L. 3400 for the failure of his deputy to return an attached automobile, after dissolution of the attachment, to the plaintiff who claimed to be the owner and entitled to the possession thereof. The third trial resulted in a verdict and judgment for the plaintiff and the case is here on the defendant's exceptions.

At the start of the trial the defendant asked and obtained leave to amend his answer. . The substance of the original answer is set forth in 112 Vt at page 174. The effect of the amendment was to withdraw the admission that the truck in question was worth $600.00 and to deny that it had any such fair and reasonable value and to change the alleged ownership of the same from Thomas P. Burke, Howard J. Burke and Harold F. Burke to the two latter only.

After the amendment had been allowed the plaintiff asked leave to amend his complaint. The substance of the alleged facts set forth in the original complaint appears in 112 Vt at page 173. In the amendment the Rutland City Court writ and suit referred to in 112 Vt is for the first time set forth as an action of trover brought by Howard J. and Harold F. Burke against McCutcheon for conversion of the truck in question. The docket number of the City Court case is set forth and it is alleged that the same truck which was the subject matter of that suit is the subject matter of the present action. Beyond this the facts alleged in the original complaint were not changed or modified by the amendment.

In the original complaint after setting forth the judgment of the City Court and the consequent dissolution of attachment of the truck it was alleged, "That it became and was the duty of the said

M. J. Dusckett, deputy sheriff as aforesaid, to return said Dodge automobile to the possession of the said Calvin McCutcheon, and that although often requested by the said plaintiff, the said M. J. Dusckett refuses and neglects to return said Dodge automobile to said plaintiff". By the amendment it was proposed to insert after the word "that", first appearing in the above quotation, the words, "after said verdict and judgment in favor of the said Calvin Mc-Cutcheon against the said Howard J. Burke and Harold F. Burke."

The amendment to the complaint was allowed and the defendant was granted an exception to this ruling on the ground that the amendment alleged a different cause of action.

[1, 2] While P. L. 1579 allows amendments in matters of substance, there is no provision thereof that warrants an amendment introducing a new cause of action. *Parker* v. *Bowen,* 98 Vt 115, 118, 126 A 522. But as long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action. The true test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully and differently laid. *Parker* v. *Bowen, supra; Dailey* v. *Gates,* 65 Vt 591, 592, 27 A 193.

In the present case the proposed amendment was not a different matter or another subject of controversy. The foundation of the action remained the same, a claim under P. L. 3400 for damages resulting from misfeasance or neglect on the part of the defendant's deputy in respect to the latter's failure to return the truck in question to the plaintiff after the attachment had been dissolved by the judgment of the Rutland City Court. The amendment merely set forth more fully the facts alleged in the complaint as a basis of the plaintiff's claim under the statute. This exception is not sustained.

The plaintiff offered as evidence the writ in the Rutland City Court case above referred to, the printed verdict in the case showing that it was in favor of the then defendant McCutcheon and the docket entries in the case showing a judgment in favor of that defendant. In opposing their admission counsel for the defendant said, "This cause of action is an action on the statute against the

sheriff, former sheriff, now we object to the admission of these court entries on the ground that they are irrelevant, immaterial and that they are outside of the issues as raised by the original pleadings and they are also outside of the issues raised by the amendment to the original pleadings by the plaintiff, and the defendant in this case, and they cannot be used to determine a question as to whether or not one of the former sheriff's officers failed to return the car in question." The exhibits were admitted as evidence and the defendant was allowed an exception to the ruling on the grounds above stated.

This exception must be overruled. The issue as made by the pleadings was the liability of the defendant under P. L. 3400. The offered evidence was material and relevant to this issue as it supported the facts set forth in the plaintiff's amended complaint as a basis for his claim for damages against the defendant under the statute.

In respect to the last ground of the objection, it is sufficient to say that the question of whether the truck was returned to the plaintiff was not in issue, as it appears from the answer as amended, from statements of counsel for the defendant and from uncontradicted evidence that the car was delivered by the deputy to Burke's Garage and Service Station after the attachment had been dissolved.

■ The defendant has briefed questions relating to a motion said to have been made by him to continue the case and to the action of the trial court in directing a verdict in favor of the plaintiff as to liability. By the bill of exceptions the transcript is made a part thereof and controlling as to the exceptions allowed the defendant. An examination of the transcript fails to show any exceptions taken in respect to these matters and therefore these questions are not before us. *Wool* v. *Larner,* 112 Vt 431, 437, 26 A2d 89; *Hunt* v. *Paquette,* 102 Vt 403, 405, 148 A 752.

*Judgment affirmed.*