WILLIAM S. POWERS ET AL *v.* BELLOWS FALLS HYDRO-ELECTRIC CORPORATION.

(57 A2d 114)

May Term, 1947.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 4, 1947.

Opinion on motion to reargue filed February 3, 1948.

244

*Ryan, Smith & Carbine* for the defendant.

*Barber & Barber* for the plaintiffs.

SHERBURNE, J. The defendant owns and operates a dam constructed in 1927 and 1928 across the Connecticut River between Bellows Falls, Vermont, and North Walpole, New Hampshire, and is engaged in the manufacture and sale of electric current. The plaintiffs own and possess a farm in this state, abutting on the river, at some distance down stream from the dam. They seek to recover for damages alleged to have been caused to their farm and personal property thereon by the operation of such dam, its flash-boards and gates, so as to cause fluctuations in the flow of water past their farm, and so that the stored water released with freshet flows increases the height to which the water attains in overflowing their farm every time a freshet occurs. Although this action was first brought, it is the third proceeding to reach this Court involving these and other plaintiffs similarly situated. See *Trybulski* v. *Bellows Falls Hydro-Elec. Corp.*, 112 Vt 1, 20 A2d 117 and *Powers* v. *Bellows Falls Hydro-Elec. Corp.*, 114 Vt 536, 48 A2d 924.

The original complaint in this action was amended in 1939, into two counts: the first count charged negligence and the second charged a public and private nuisance. Upon this complaint there was a trial by jury from January 16, 1940, to March 23, 1940. During the trial the plaintiffs, with the permission of the court,

struck out the second count, and the case was submitted on the issue of negligence only. The trial resulted in a disagreement. Owing largely to the absence of counsel in military service in the late war, nothing further was done until the plaintiffs on October 22, 1946, filed a motion to amend their complaint by substituting two new counts for the counts as amended in 1939. The motion was granted subject to exception as to each count, and subject to that exception the defendant demurred to the new first count, and the demurrer was overruled subject to exception. The cause has been brought here before final judgment, and the only questions briefed are to the allowance of the new count 1, and to the overruling of the demurrer thereto.

The defendant contends that the new count attempts to state a new and entirely distinct cause of action from the complaint sought to be amended, because it seeks to recover on a different set of facts and on a different theory. Among other things it is pointed out that the new count is not based upon negligence but upon some other theory of tort, and that while originally recovery was sought only for the damages suffered in March, 1936, the new count seeks to recover all damages suffered since the construction of defendant's dam in 1927 and 1928.

█ As long as the plaintiff adheres to the contract or injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action. The true test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully and differently laid. *Dailey* v. *Gates,* 65 Vt 591, 592, 27 A 193; *Parker* v. *Bowen,* 98 Vt 115, 118, 126 A 522; *McCutchcon* v. *Leonard,* 114 Vt 368, 370, 45 A2d 200; *Johnson* v. *Hardware Mutual Casualty Co.,* 109 Vt 481, 489, 490, 1 A2d 817.

While the new count may be characterized as somewhat in the nature of a charge of trespass as contrasted with negligence, the "matter" and the "subject of controversy" are the same; and the amendment in this respect cannot be distinguished in principle from the last above cited case, where a complaint in negligence was permitted to be amended into one of bad faith.

█ As claimed by the defendant recovery was originally sought only for the damages suffered in March, 1936, whereas the new count seeks to recover all damages suffered since the construc-

tion of the dam. This presents a more serious question. No question is made by the defendant that the plaintiffs could have originally claimed in one suit all the damages suffered since the construction of the dam. However this may be, they could have brought a separate suit each time any damage was caused. 1 Am Jur Actions, § 117; *Wells* v. *New Haven & Northampton Co.,* 151 Mass 46, 23 NE 724, 21 Am St Rep 423. It is obvious that a suit for damages suffered over a period of years is a different cause of action from that claiming damages suffered over the space of only a few days, even though the latter is included in the former. In view of the long time that had elapsed before the filing of the new count the following from 34 Am Jur Limitation of Actions, § 260, is very appropriate. "One cannot, under the pretext of amending his pleading, state a new or different cause of action from the one originally stated and thereby avoid the running of the statute of limitations." It was error to allow the new count 1 as an amendment, and the cause must be reversed. It is unnecessary to discuss the other objections to this amendment, or to decide whether the amendment was sufficient to state a cause of action, as raised in the exception to the overruling of the demurrer.

*The judgment, allowing the motion to amend the complaint by substituting therefor two new counts, is reversed as to the first of such new counts, and the cause is remanded.*

Upon Motions for Reargument and for Further Relief.

Sherburne, J. The first ground of the motion for reargument is that the opinion has decided the case upon a ground not briefed or argued. The defendant devoted nearly two pages of its brief to the proposition stated in the opinion "that a suit for damages suffered over a period of years is a different cause of action from that claiming damages over the space of only a few days." Fault is also found because of the citation of 34 Am Jur relative to the statute of limitations. This work was not cited by the defendant, but we know of no rule, in cases where a point has been well made, that limits us to the authorities cited by the excepting party. As a matter of fact, the quotation from Am Jur does not show what constitutes stating a new cause of action, but merely illustrates a reason for not permitting an amendment that does state a new cause of action.

The second and last ground of the motion for reargument is that we have misconstrued the claim of the plaintiffs as set forth in the amendment. They say that thereunder they do not seek to recover for any damages excepting those that accrued, i.e. became manifest, in March, 1936, and thereafter. They further say that the original complaint and the 1939 amendment both alleged wrongful conduct since 1927. However, recovery in both was limited to the damages suffered in 1936. Their present claim to recover also for damages that accrued after March, 1936, shows that by their interpretation of the 1946 amendment, it states a new cause of action to that extent.

We quote paragraphs 11, 12 and 13 of the amended count:

"11. That by reason of the operation of the dam as heretofore alleged, the river banks and channel have been put in a state of unrest; that the stored water passing with freshet flows has had the effect of increasing the rate of rise in the water and the ultimate height to which the water attains every time a freshet has occurred since the said operations; that by reason of the premises, or some of them, in concurrence with freshets, the plaintiffs' lands have been overflowed, flooded and eroded, the river banks wholly washed away in places, huge deposits of sand and debris left on other portions of the plaintiffs' lands, thereby damaging them for agricultural purposes, or any purposes; that the plaintiffs' buildings were damaged, in, to wit, 1936;

"That the river has widened and the channel been filled in so that the river cannot carry the volume of water that it was previously accustomed to do by the plaintiffs' property; so that the said property is now, and will be more so in the future, peculiarly susceptible to injury during times of high water on the river.

"12. That the plaintiffs suffered injury in April, 1933, in March, 1936, and September of 1938, and will necessarily in the future have further damage and erosions by the process set up by the dam and its appurtenances as operated by the defendant.

"13. The plaintiffs aver that by reason of the premises they seek to recover for the following speci-

fied damages which occurred solely by reason of the acts of the defendant since the construction of the dam in 1927 and 1928 and the continued operation thereof thereafter in conjunction with natural forces, as aforesaid, and for the operation and maintenance of the said dam, as aforesaid, in March, 1936; that said damages became manifest in March, 1936:—. . . ."

If entitled to recover at all, plaintiffs were entitled to recover nominal damages at least for the invasion of their land each time that it was overflowed as alleged. They allege that they suffered injury in 1933, 1936 and 1938, and that they seek damages which occurred by reason of the acts of the defendant since the construction of the dam, and by the continued operation thereof thereafter, and for the operation and maintenance thereof in March, 1936. To make it mean as stated in plaintiffs' brief upon the motion, that plaintiffs do not seek to recover all damages since the construction of the dam, but only those suffered in March, 1936, would make it inconsistent with the prior claims.

When a pleading is capable of different meanings, it clashes with no rule of construction to construe it in the sense in which the pleader must be understood to have construed it, supposing it to be consistent with itself. *Royce* v. *Maloney,* 58 Vt 437, 445, 5 A 395; *Stevens* v. *Gibson,* 69 Vt 142, 145, 37 A 244; *Derosia* v. *Ferland,* 86 Vt 15, 17, 83 A 271.

Under the foregoing rule of construction the only reasonable conclusion is that plaintiffs did not realize that they had any cause of action until they had suffered a substantial injury, and that then they awoke to the danger, recalled what had occurred since the construction of the dam, decided to claim all the damages they had suffered prior to bringing suit, and inserted the allegation under the erroneous belief that no action had accrued until it became manifest to them that they had suffered a substantial injury.

In their brief upon the motion, in referring to the allegations in paragraph 11 about the widening of the river and the filling in of the channel, plaintiffs say that such damages as had accrued prior to March 1936, are not sought, and that they could have been wholly repaired by nature had the defendant ceased its tortious operation of the dam. They further say that the count alleges that they were

a contributory cause of the damage sustained in 1936, and they claim that they are entitled to show them as such.

There is no allegation that such prior damages could have been wholly repaired by nature as claimed. The possibility that they could have been so repaired is too speculative for consideration. Nor is there any unambiguous allegation that such prior damages were a contributory cause of the damages sustained in 1936. Under the broad allegations of paragraph 13 plaintiffs, if entitled to recover, are not limited to the damages sustained in 1936, but can also recover all the damages caused prior to that date by the alleged tortious acts. Some of the land claimed to have been destroyed may have been injured by prior tortious acts in concurrence with freshets according to the allegations of paragraph 11. If so, recovery could be had.

Our attention is called to a discussion between plaintiffs' attorney and the court below, at the time when the allowance of the amendment was under consideration, in which the court was given to understand that the count was only for damages from March, 1936, and that the prior conditions resulting from the alleged tortious acts of the defendant set the stage for what happened then. Although this may have misled the court we do not see why the defendant should be bound thereby. The count means what it says, not necessarily what the plaintiffs then said it means. Although the plaintiffs may be estopped from later claiming to the contrary of what they then said, the defendant is not so bound.

Under their motion for further relief the plaintiffs ask to be allowed to amend this count in a particular manner. Since this cause came here on pleadings before final judgment, and the case must be remanded, there is no occasion to pass upon the propriety of the proposed amendment, nor do we need to grant leave to apply for the proposed amendment, since the county court may, in its discretion, allow an amendment in a matter of substance at any stage of the proceeding. P. L. 1579.

*Motions denied. Let full entry go down.*