CITY ELECTRICAL SERVICE & EQUIPMENT CO. *v.* ESTEY ORGAN CO.

(77 A2d 835)

November Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed January 2, 1951.

*F. J. Nash* and *Ralph Chapman* for the defendant.

*Edward J. Shea* for the plaintiff.

BLACKMER, J.   The plaintiff's declaration in contract alleges that on September 25, 1946, the defendant placed with it a written order for approximately 1144 capacitors in five sizes to be shipped immediately by truck express; that on October 2, 1946, the plaintiff shipped 668 capacitors in three sizes by railway express; that these capacitors were tendered to the defendant at its place of business, but that the defendant has neither accepted delivery nor paid for them.   A defense set up by the answer is non-compliance with the terms of the order in respect to time of shipment, manner of shipment, and number and size of the capacitors.   Thereafter the plaintiff was permitted to amend its complaint adding allegations that

prior to the shipment the parties agreed to modify the original order to conform to the shipment as made.

The defendant excepted to the allowance of the amendment on the ground that it introduced a new cause of action. It directs us to this statement of the rule:

"An amendment cannot be allowed that introduces a new cause of action. But as long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action. The test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope and varying phases of the testimony."

The rule as thus expressed has its origin in *Daley* v. *Gates,* 65 Vt 591, 592, 27 A 193, and has been iterated since the enactment of the Practice Act, V. S. 47, Chapter 75, of which act V. S. 47, § 1618 provides for amendments of substance. *Parker* v. *Bowen,* 98 Vt 489, 490, 126 A 522; *Smith* v. *Badlam and Anderson,* 111 Vt 328, 330, 16 A2d 182; *Powers* v. *Bellows Falls Hydro-Electric Co.,* 115 Vt 243, 245, 57 A2d 114.

The defendant's argument is that the original declaration is on a written offer which is claimed to have been converted into a unilateral contract by acceptance, but that the amended declaration is on a subsequent and different bilateral contract, and therefore the plaintiff did not "adhere to the contract originally declared on." It may be conceded out of hand that this is literally and technically true. But does it follow that the amended declaration is "a different matter, another subject of controversy"?

The problem whether allowing an amendment does or does not introduce a new cause of action is a matter which has led to much discussion. *Bouchard* v. *Central Vermont Ry. Co.,* 87 Vt 399, 402; 89 A 475, LRA 1915 C, 33. Our books contain many cases thereon, and we have no idea that the discussion will be permitted to stop with this opinion.

It is a general rule that amendments to pleadings are favored and should be liberally allowed in furtherance of justice. 41 Am Jur Pleading § 292. As early as 1863 this Court was allowing

amendments more liberally than formerly. *Boyd* v. *Bartlett and Trustee,* 36 Vt 9, 12. The General Assembly of Vermont has shown its desire to establish a system of procedure that would enable parties to get their rights settled in court on the merits without wading through a mass of legal technicalities, and has made consistent and persistent efforts to simplify procedure and expedite the trial of causes on the merits. *Schlitz* v. *Lowell Mutual Fire Insurance Co.,* 96 Vt 337, 341, 342, 119 A 513.

In determining whether a wholly different cause of action is introduced by an amendment, technical considerations or ancient formulae are not controlling. *Boyd* v. *Bartlett and Trustee, supra,* 12; *Schlitz* v. *Lowell Mutual Fire Insurance Co., supra,* 340; 41 Am Jur Pleading § 304; 49 CJ Pleading § 673. In the strict sense, almost every amendment may be said to introduce a new cause of action. *Boyd* v. *Bartlett and Trustee, supra,* 12; *Schlitz* v. *Lowell Mutual Fire Insurance Co., supra,* 340. The object of all amendments is to permit the plaintiff to recover where without the amendment he could not. *Skinner* v. *Grant,* 12 Vt 456, 462; *Boyd* v. *Bartlett and Trustee, supra,* 14.

Amendment of pleadings is to a great extent a question of fact, depending on the purpose and intent of the plaintiff in bringing his suit and framing the original declaration. *Haskins* v. *Ferris,* 23 Vt 673, 674; *Boyd* v. *Bartlett, supra,* 12; *Geroux* v. *Graves,* 62 Vt 280, 283, 19 A 987; *Schlitz* v. *Lowell Mutual Fire Insurance Co., supra,* 340. The contrary statement in *Brodek & Co.* v. *Hirschfield,* 57 Vt 12, 15, should be disregarded henceforward. The true test is whether the amendment introduces another subject of controversy. *McCutcheon* v. *Leonard,* 114 Vt 368, 370, 45 A2d 200. The "contract originally declared upon," that is to say the "matter," as these terms are used in the rule, means the substance of the claim, the substantial facts which lie at the basis of the claim, the facts which give rise to the action. *Slayton* v. *Davis & Erwin,* 85 Vt 87, 89, 90, 81 A 232; *Parker* v. *Bowen, supra,* 118; *Johnson* v. *Hardware Mutual Casualty Co.,* 109 Vt 481, 490, 1 A2d 817.

How, then, do the facts of the present case square with the above principles? To hold this amendment good would be in the liberal tradition, in harmony with the desires of the General Assembly, and in accord with the spirit of modern practice. It would permit this plaintiff to present its case on the merits, and do the defendant no injustice. The purpose and intent of the plaintiff when it framed its

declaration was to get paid for some capacitors which it thinks it sold to the defendant. The plaintiff says the defendant ordered capacitors, they were shipped, the defendant refused to pay for them. This is the subject of the controversy, the substance of the claim, the substantial facts which lie at its basis, the facts which give rise to the action. And that is so both before and after the amendment.

*McInnis* v. *Stuart,* 267 Mass 212, 166 NE 573, is a highly persuasive authority, the statute and decisions of that Commonwealth being comparable, though not identical, with ours. See G. L. (Mass.) c 231, § 51; Annotated Laws of Massachusetts, Vol. 8, pp. 67, 72. In *McInnis* v. *Stuart* the action was contract on a written agreement to pay the plaintiff as agent for his services if certain land was sold within thirty days to the township wherein it was located. The plaintiff was permitted to amend his declaration to allege a modification by mutual consent of the contract originally declared upon. The modification included a taking by the town by eminent domain and an extending of the time for performance.

█ It follows, and we hold, that an amendment setting up a modification of the contract originally declared on does not introduce a new cause of action.

*Order allowing amendment affirmed and cause remanded.*