HARRY LESNICK ET AL *v.* ROBERT C. PRATT

(78 A2d 487)
(80 A2d 663)

January Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed February 6, 1951.

Opinion on Motion To Reargue and Remand Filed May 9, 1951.

*Graves, Mehlman & Brown* for the plaintiffs.

*Ernest E. Goodrich* for the defendant.

CLEARY, J. This is an action of tort for fraud and deceit involving the sale of an automobile to the plaintiffs by the defendant. The defendant pleaded infancy. Trial was by the court with judgment for the plaintiffs. Both parties excepted.

The findings of fact show that at the time of the sale on January 20, 1949, the defendant falsely and fraudulently represented that the automobile was fully paid for and was free of liens and encumbrances and on September 13, 1949, the plaintiffs were obliged to pay the balance owing on a conditional sale contract which the

defendant had signed when he purchased the automobile on January 10, 1949. The defendant was born on July 29, 1928, so when he bought the automobile and when he sold it to the plaintiffs he was a minor.

Thus it is clear that the cause of action arises out of a contract and, as this Court said in *West* v. *Moore,* 14 Vt 447, 450: "It is for us to declare the law as we find it." In that case, which was trespass on the case for false warranty in the sale of a horse, this court held: "Though an infant is liable for positive wrongs, and constructive torts, or frauds, yet, to charge him, the fraudulent act must be wholly tortious. If the matter arises from contract, though the transaction is infected with fraud, it cannot be turned into a tort to charge the infant by a change in the form of action."

In *Gilson* v. *Spear,* 38 Vt 311, another case for deceit, or fraudulent concealment of unsoundness in the sale of a horse, and a plea of infancy, where both the English and American cases on the subject are collected and discussed, this Court held at p. 315: "We think that the fair result of the American as well as of the English cases is that an infant is liable in an action *ex delicto* for an actual and wilful fraud only in cases in which the form of action does not suppose that a contract has existed; but that where the gravamen of the fraud consists in a transaction which really originated in contract the plea of infancy is a good defense. For simple deceit on a contract of sale or exchange, there is no cause of action unless some damage or injury results from it, and proof of damage could not be made without referring to and proving the contract. An action on the case for deceit on a sale is an affirmance by the plaintiff of the contract of sale, and the liability of the defendant in such an action could not be established without taking notice of and proving the contract." That case then repeats and adopts the principle as stated in *West* v. *Moore, supra.*

*Doran* v. *Smith,* 49 Vt 353, was an action on the case for false representations by a vendor as to his ownership of property sold to the plaintiff. The defendant pleaded infancy. The opinion, at p. 354, holds: "The representations alleged in the declaration are of the same character, and stand upon the same principles, as representations as to the quality of the property—they enter into and constitute an element of the contract itself; it is that that makes them actionable. The contract must be alleged and proved, or there can be no recovery. The contract is the basis of the action; the fraud is

predicated upon the contract. This being so, the case comes clearly within the case of *Gilson* v. *Spear, supra,* and must be governed by it. It is there decided that in cases like the present, a plea of infancy is a full defense."

*Nash* v. *Jewett,* 61 Vt 501, 18 A 47, 4 LRA 561, was an action on the case for false representation in the purchase of goods; the defendant pleaded infancy. The Court reviews the same cases as we have done and then holds at p. 503 : "While it is true as a general proposition that infants are liable for their torts, yet the form of action does not determine their liability, and they cannot be made liable when the cause of action arises from a contract, although the form is *ex delicto."*

We are governed by the law we have quoted. If modern youth has become so sophisticated that he no longer needs protection from his contracts or public opinion demands that the long recognized rule be changed, it can be done by statute. We are constrained to hold that the plea of infancy in the present case was a full defense. Therefore, it is unnecessary to consider other questions raised by the exceptions.

*Judgment reversed and judgment for the defendant to recover his costs.*

## On Motion to Reargue and Remand

Cleary, J. The plaintiffs say that this Court, in its opinion, failed to consider and apparently overlooked the claim set forth in the defendant's answer "that the defendant upon coming of age promptly within the time required by law disaffirmed and repudiated" the contract and sale. The record shows that the defendant pleaded his infancy and the findings of fact show that at the time of the alleged sale the defendant was an infant. The opinion mentions both of these matters. The quoted portion of the answer was surplusage. By pleading more facts than are necessary a party does not thereby obligate himself to prove them. *Healey* v. *Cady,* 104 Vt 463, 467, 161 A 151.

This suit is brought against a defendant who was a minor at the time of the alleged contract and sale. Infancy is a good defense to such a suit and a plea of infancy is a sufficient disaffirmance and repudiation of the contract. *Roberts* v. *Wiggin,* 1 NH 73; *Heath* v. *West,* 26 NH 191, 199 ; *Welch* v. *King,* 279 Mass 445, 452, 181 NE 846 ; *Tucker* v. *Moreland,* 10 Peters 58 at 71 and 72, 9 L Ed

345; also *Gilson* v. *Spear,* 38 Vt 311 at 315, and *Doran* v. *Smith,* 49 Vt 353, 354, cited in the original opinion. The case of *Gilson* v. *Spear, supra,* is similar to the case at bar. There the plaintiff sued for fraud in the sale of a horse. The defendant pleaded infancy and the court gave him judgment on the plaintiff's demurrer to the plea. If the plaintiffs would have avoided the plea and proof of infancy in the case at bar the burden was upon them to plead and prove matter in avoidance. *Tobey* v. *Wood,* 123 Mass 88, 89; *Catlin* v. *Haddox,* 49 Conn 492, 500. This they failed to do. *Spencer* v. *Lyman Falls Power Co.,* 109 Vt 294, 301, 196 A 276, relied upon by the plaintiffs, is not in conflict with this holding. There the plaintiff sued in chancery to avoid a deed and had the burden of proving that he disaffirmed within a reasonable time.

The plaintiffs say that this Court overlooked and failed to consider the fact that the defendant waived its exception to the failure of the court below to find that the defendant disaffirmed and repudiated the contract. The defendant's exception was not waived but was briefed by him. The motion for reargument is denied.

In the event that reargument is denied the plaintiffs ask for a remand so that the plaintiffs can declare against the defendant as bona fide assignees for value of a claim for the conversion of the automobile in question. That would introduce a new cause of action and is not allowable under our Practice Act. *McCutcheon* v. *Leonard,* 114 Vt 368, 370, 45 A2d 200; *Smith* v. *Badlam,* 111 Vt 328, 330, 16 A2d 182; *Johnson* v. *Hardware Mutual Casualty Co.,* 109 Vt 481, 489, 490, 1 A2d 817. So a remand would be of no avail. *Let full entry go down.*