City Electrical Service & Equipment Company

*v.* Estey Organ Company

(91 A2d 562)

May Term, 1952.

Present: Sherburne, C. J., Jeffords, Cleary, Adams and Cushing, JJ.

Opinion Filed October 7, 1952.

*Edward J. Shea* for the plaintiff.

*F. J. Nash* and *Ralph Chapman* for the defendant.

CLEARY, J.   This case has been here previously, 116 Vt 435, 77 A2d 835.   It is an action whereby the plaintiff seeks to recover the price of certain goods ordered by the defendant.   Trial was by jury with a verdict and judgment for the defendant.   The case is here on the plaintiff's bill of exceptions which states that the transcript shall control as to the exceptions allowed the plaintiff.

■ The plaintiff claims that the court erred in failing to fully charge the jury on the law relating to rescission of the contract and quotes from *Estate of Delligan,* 111 Vt 227 at 239, 13 A2d 282, 289 : "The court, though not requested, was required to instruct the jury upon every essential part of the case.   *Stoddard Brothers* v. *Howard,* 101 Vt 1, 139 A 776; *Bradley* v. *Blandin and Somerset Land Co.,* 94 Vt 243, 256, 110 A 309."   But in each of these cases an exception was taken to the failure of the court to charge the jury.   Here the transcript shows no exception by the plaintiff to the charge as given or to the failure to charge as now claimed by the plaintiff.   So the question raised is not before us.   *Murray* v. *Nelson,* 97 Vt 101, 109-110, 122 A 519; *Hunt* v. *Paquette,* 102 Vt 403, 405, 148 A 752; *Wool* v. *Larner,* 112 Vt 431, 437, 26 A2d 89; *McCutcheon* v. *Leonard,* 114 Vt 368, 371, 45 A2d 200.

The only exception briefed by the plaintiff is to the denial of the plaintiff's motion to strike out testimony of defendant's witness, Jacob P. Estey.   It had already appeared in evidence that the plaintiff company is a partnership owned by David Gordon and his brother and that Premo F. Ratti and Jacob P. Estey were then partners in the defendant company.   Mr. Premo Ratti had testified without objection that in a telephone conversation with Mr. David Gordon on October 1, 1946 he told Gordon to cancel the order and not to ship any goods.   Mr. Jacob Estey was then allowed to testify that he heard Mr. Ratti put in the telephone call, that he knew to whom Mr. Ratti was talking, that Ratti asked for Mr. Gordon at the plaintiff company, that he heard Ratti tell Gordon to cancel the contract and heard Ratti address the person Ratti was talking to as Mr. Gordon.   When Estey testified in cross examination that he did not know of his own knowledge that the person was Mr. David Gordon, plaintiff moved "that testimony all be stricken."

■ A telephone conversation between parties to a proceeding

upon the subject matter of the litigation, which has been testified to by one of the parties, may also be testified to by a bystander, so far as he heard the conversation, in corroboration of the testimony of the former witness regarding the conversation, although the bystander cannot identify with certainty the person on the other end of the line. 20 Am Jur Evidence § 369, page 336; 31 CJS 911; Jones on Evidence, 4th Ed. Vol. 1, § 211, page 413; *McCarthy* v. *Peach,* 186 Mass 67, 70 NE 1029, 1030; *Jamaica Pond Garage* v. *Woodside Motor Livery,* 236 Mass 541, 128 NE 881; *Hunkins* v. *Amoskeag Mfg. Co.,* 86 NH 356, 169 A 3, 5; *Going* v. *Vallesi,* 52 RI 113, 158 A 148, 149; *Miles* v. *Andrews,* 153 Ill 262, 38 NE 644, 645; *Ehrenstrom* v. *Hess,* 262 Pa 104, 105 A 44, 45, 46; *O'Toole* v. *Ohio German Fire Ins. Co.,* 159 Mich 187, 123 NW 795, 24 LRANS 802, 805; *Gzowski & Co.* v. *Forst & Co.,* 22 Ont L Rep 441, 20 Ann Cas 704, 705. See also LRA 1918 D 723, note; 71 ALR 53-58, note.

Estey's testimony corroborated that of Ratti. It was admissible and plaintiff's motion was properly denied.

*Judgment affirmed.*