## LUCIEN VAILLANCOURT *v.* F. O. DUTTON.

(50 A2d 762)

November Term, 1946.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 7, 1947.

*Ezra S. Dike* for the defendant.

*Wayne C. Bosworth* for the plaintiff.

MOULTON, C. J. This is an action of trespass. The declaration alleged that the defendant broke and entered the close of the plaintiff and cut down and destroyed certain trees growing therein and carried away the timber and wood, but contained no claim to recover treble damages as allowed by P. L. 8450. The course of

the trial was such that at the close of the evidence only the issue of damages remained for the jury. The Court charged that the plaintiff sought to recover treble damages; that he was entitled in any event to a verdict for the fair market value of the trees, and also to receive three times this amount unless the defendant satisfied them that he acted through a mistake which was not the result of his own carelessness or misconduct. Two verdicts were submitted, with appropriate explanations, one for the amount of actual damages, and the other specially requiring an answer to the question, whether the defendant had satisfied the jury by a fair balance of the evidence that he had acted through mistake. The jury found the actual damages and answered the special verdict in the negative. The Court thereafter entered judgment for the plaintiff for three times the amount of the damages stated in the general verdict. The defendant excepted to the portions of the charge above mentioned, to the submission of the special verdict, and to the judgment for treble damages on the ground that under the declaration single damages only were recoverable.

So far as material, P. L. 8540 is as follows: "If a person cuts down, destroys or carries away trees placed or growing for use, shade or ornament, or timber, wood or underwood standing, lying or growing on the land of another person, without leave from the owner of such land . . . , the party injured may recover of such person treble damages in an action on this statute; but if, upon trial, it appears that the defendant acted through mistake . . . the plaintiff shall recover single damages only, and costs."

 It is clear that the declaration alleged a cause of action in trespass at common law for single damages, and was not founded upon the statute, since nothing contained therein indicated a claim for treble damages. *Montgomery* v. *Edwards,* 45 Vt 75, 79-80; and see *Keyes* v. *Prescott,* 32 Vt 86, 87-8. But it is a well established principle that, although as a general rule cases are tried upon the issues made by the pleadings, such issues may be limited or enlarged by the conduct or agreement of counsel for the parties, who may thereby waive any question respecting the sufficiency of the pleadings to make available an issue not properly pleaded. *Waterlund* v. *Billings,* 112 Vt 256, 261, 23 A2d 540; *Valiquette* v. *Smith,* 108 Vt 121, 127, 183 A 483; *Dow* v. *Cheney Piano Action Co.,* 104 Vt 350, 353-4, 160 A 274; *Barre*

*Trust Co.* v. *Ladd,* 103 Vt 392, 401, 154 A 680; *Howard National Bank* v. *Wilson,* 96 Vt 438, 443, 120 A 889.

■ The transcript shows that counsel for the plaintiff informed the jury in his opening statement that treble damages were claimed, without objection from his opponent, and later on offered an exhibit as bearing upon this issue which was received in evidence without objection. Other evidence which was material upon the same subject was also introduced, and no claim was made that it went beyond the issue raised by the pleadings. Counsel for the defendant himself offered an exhibit as bearing upon the right to recover treble damages, which was admitted for that purpose, and in his argument to the jury he debated the question of a mistake on the part of his client. It appears that throughout the trial, until the evidence was closed and the arguments completed, the cause was treated by both sides as an action founded upon P. L. 8540. The Court was justified in so regarding it and the defendant's objection came too late. His exceptions to the charge and to the submission of the special verdict are unavailing. It may be noted that the course pursued by the Court in requiring the two verdicts and then entering judgment for three times the actual damages returned was expressly approved in *Guild* v. *Prentis,* 83 Vt 212, 218, 74 A 1115, Ann Cas 1912 A 313.

What has been said disposes also of the defendant's motion to set aside the verdict, which is based upon the same ground as the exceptions above examined.

■ After verdict and before judgment the plaintiff moved to amend the declaration by adding thereto a statement that the action was brought on P. L. 8540, for the recovery of treble damages as therein provided. The motion was granted, subject to the defendant's exception. Pleadings may be amended in matters of substance at any stage of the proceedings, in the discretion of the Court. P. L. 1579; *McCutcheon* v. *Leonard,* 114 Vt 38, 39, 39 A2d 348. No new cause of action was introduced here because the effect of P. L. 8540 is only to permit the award of enhanced damages for what is and has always been actionable at common law. *Hathaway* v. *Goslant,* 77 Vt 199, 205, 59 A 835; *Davenport* v. *Newton,* 71 Vt 11, 26, 42 A 1087; *Willey* v. *Laraway,* 64 Vt 559, 560, 25 A 436; *Montgomery* v. *Edwards,* 45 Vt 75, 80. Under P. L. 1579 any amendment that, in point of subject matter, is

proper to be made may be allowed by the trial court even after verdict, for "every practical reason, looking to substantial justice as the end of administering the law requires that this should be so." *Kimball* v. *Ladd,* 42 Vt 747, 760; *Bates* v. *Cilley,* 47 Vt 1, 8. The defendant was not harmed, since the amendment merely made the declaration to conform to the theory upon which the case had been tried. See cases last cited. The action of the Court was discretionary, and no abuse of discretion is shown. The defendant's exception is overruled.

All questions raised have been considered, and we find no error in the proceedings.

*Judgment affirmed.*