JAKE BREZINSKI ET AL. *v.* CLARENCE E. TYLER ET AL.

(59 A2d 221)

February Term, 1948.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 4, 1948.

*Lawrence & O'Brien* for the defendants.

*Bloomer & Bloomer* for the plaintiffs.

BUTTLES, J. On February 19, 1947, the defendants conveyed to the plaintiffs a parcel of land in West Rutland by warranty deed containing covenants of title and right to convey, of warranty, and against encumbrances. It also provided that "the grantees are to have possession on April 3rd, 1947". The consideration was $2700 which was paid in full upon delivery of the deed. The house on the land conveyed was occupied then and thereafter by tenants, one in possession of the ground floor and the other of the second floor. Such occupancy was known both to the plaintiffs and the defendants. On the next day, at the request of the plaintiff Jake Brezinski, the following letter, hereinafter referred to as the letter of Feb. 20, was written and delivered to him by the defendant Clarence E. Tyler:

"Rutland, Vermont
February 20, 1947

Mr. John Brezinski,
West Rutland, Vermont
Dear Sir:
    As you will recall, when I sold the property to you I reserved the right to retain possession of the property until April 3, 1947. Since that time it has developed that I will not require the possession of the premises until April 3, 1947 and I hereby waive any and all rights that I might have by virtue of said reservation and you may take possession as of this date insofar as I am concerned. Therefore, consider yourself to be the true and lawful owner and possessor of the premises as of today.
                    Very truly yours,
                    Clarence E. Tyler."

The tenants refused to permit the plaintiffs to take possession of the premises and on April 29, 1947, the plaintiffs brought this action in county court seeking damages from the defendants. Trial was by court without a jury. Findings of fact were filed and judgment for the sum of $81. was rendered for the plaintiffs. The case is here on bills of exceptions of both parties.

The declaration was originally on the common counts in assumpsit only without specifications, but at the trial an amendment was allowed declaring on the breach of a claimed promise and undertaking by the defendants to give the plaintiffs possession of the property on April 3, 1947. A discussion followed the allowance of the amendment, concluding as follows:

Mr. O'Brien: As I understand the position of the plaintiff now, the present complaint is in substitution for the declaration in common counts which was previously filed.

Court: That is not quite as we understand it. We understand him that this amendment to the plaintiff's declaration is an additional count in addition to the common counts contained in the original writ, is that a correct statement of your position, Mr. Bloomer?

Mr. Bloomer: That is right.

Court: And that he does not rely on common counts or any part thereof but only relies on the count contained in the amendment filed July 14th. You may proceed Mr. Bloomer.

By their silence then and thereafter during the trial both parties acquiesced in the court's statement and it became the law of the trial. *Perkins* v. *Vermont Hydro-Elect. Corp.*, 106 Vt 367, 417, 177 A 631. The defendants answered the amendment, pleading general denial and surrender of the premises to the plaintiffs as of Feb. 20, 1947.

The following are findings made by the court relative to the covenants contained in the deed:

4. The deed contained the following provisions: (a) The grantees are to have possession on April 3, 1947. (b) And we the said grantors, Clarence E. Tyler and Florence E. Tyler, for ourselves and our heirs, executors, and administrators, do covenant with the said grantees Jake Brezinski and Anna Brezinski, and their heirs and assigns, that until the ensealing of these presents we are the sole owners of the premises, and have good right and title to convey the same in manner aforesaid, that they are FREE FROM EVERY ENCUMBRANCE; We, Clarence E. Tyler and Florence E. Tyler, do hereby engage to WARRANT AND DEFEND the same against all lawful claims whatever.

8. This letter (of February 20) did not constitute a waiver by the plaintiffs of their rights under the covenants noted in number 4 above.

16. The defendants are liable to the plaintiffs for breach of the covenants mentioned in number 4 above.

It appears therefrom that the court's decision was based upon a breach of covenant.

But the provision of the deed regarding possession was not a covenant. It contained no express promise or agreement and the language used was not appropriate for a covenant. It was placed after the granting clause in the deed (pltff's ex. 1) and not with the covenants in the usual place following the habendum. It is not included with the covenants in finding number 4. It is rather a reservation of possession by the defendants. It was so interpreted by the defendant Clarence in his letter of February 20th and this interpretation was recognized by the plaintiffs in accepting that letter which had been written at their request. No different construction appears to have been given the provision until March 6th when the plaintiffs' attorney wrote the defendants demanding that his clients be put in possession of the property by April 3rd.

It was competent for the defendants, while conveying the fee, to reserve the possession of the land to themselves for a definite or an indefinite period. 18 CJ 351 § 365; *Cooney* v. *Hayes,* 40 Vt 478,

94 Am Dec 425. It cannot be questioned that this right of possession, so reserved, was waived by the defendant Clarence "insofar as he was concerned" by his letter of February 20th.

The findings quoted consider the case on the issue of a breach of covenant which was not presented by the pleadings or by the conduct of the trial, but they do not consider it on the issue that was so presented. Since those findings do not conform with the issue presented upon which the defendants were entitled to rely they are not binding. *Goodenough* v. *McGregor,* 107 Vt 524, 528, 181 A 287; *Wright* v. *Godin,* 108 Vt 23, 26, 182 A 189. There are no other findings which do dispose of the issue so presented and are sufficient to sustain the judgment.

The plaintiffs have briefed a claim that they are entitled to rescind the contract and to have their judgment increased by the amount paid by them as consideration for the deed. We pass the question whether this claim has been properly presented in this court. The plaintiffs' judgment was based on their claim for expenses incurred because of their not getting possession prior to April 29th when their suit was commenced. It presupposes that the provisions of the deed were in effect on· that date. Rescission would obviously be inconsistent with the theory upon which the judgment was recovered.

Moreover if the transaction has been consummated by the execution of a conveyance a reconveyance or a tender thereof is a condition precedent to an action at law by the purchaser to recover money paid by him based upon a rescission. 55 Am Jur 998, § 604; *Cooley* v. *Hatch,* 97 Vt 484, 493, 124 A 589; *Hammond* v. *Buckmaster,* 22 Vt 375, 380; *Hoadley* v. *House,* 32 Vt 179, 181, 76 Am Dec 167. Reconveyance or a tender thereof by these plaintiffs does not appear.

Nothing appears as to the nature of the possession by the tenants. Were they tenants at will only, or under a formal lease? Nor does it appear what bearing, if any, the rent control act mentioned in finding 15 might have on the issues involved.

The judgment must be reversed but we will not render judgment here. Because of the divergence between the pleadings and the findings with the resulting confusion and the fact that upon amended pleadings with opportunity for further trial and additional findings, if required, a different result might be reached, we will remand the cause in the interest of justice.

*Judgment reversed and cause remanded with leave to the plaintiffs to apply. If application is not made within twenty days from the date of the remand let judgment be entered for the defendants to recover their costs.*