ADKINS et al. v. E. I. DU PONT DE
NEMOURS & CO., Inc. et al.

No. 3866.

United States Court of Appeals
Tenth Circuit.

Aug. 8, 1949.

John W. Porter, Jr., Muskogee, Okl., for appellants.

Peter B. Collins, Wilmington, Del., and Spillers & Spillers, Tulsa, Okl., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

On May 17, 1946, P. V. Adkins, for himself and twelve other employees of E. I. du Pont de Nemours & Company, hereinafter referred to as DuPont, instituted this action against the company to recover overtime compensation, damages, and attorneys' fees, under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., and Executive Order Number 9240, as amended, 40 U.S.C.A. § 326 Note. Adkins subsequently died and the action was revived in the name of Grace W. Adkins, as administratrix of his estate.

An amended complaint was filed, an answer was filed thereto, and issues were made up. A Special Master was appointed who held hearings and submitted proposed findings of fact, conclusions of law, and made recommendations. He recommended that the claims be denied on the ground of de minimis non curat lex. Exceptions were filed by both parties. While the case was thus pending, the Act of May 14, 1947, 29 U.S.C.A. § 251 et seq., commonly referred to as the Portal-to-Portal Act, was passed and became the law.

Thereafter, DuPont filed an amendment to its answer, pleading the Portal-to-Portal Act as a defense.[1] When plaintiffs challenged the constitutionality of the Act, the

---

[1] The pertinent portions of the Act are as follows:

"252(a) No employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act (in any action or proceeding commenced prior to or on or after May 14, 1947), on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any activity of an employee engaged in prior to May 14, 1947, except an activity which was compensable by either—

"(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent or collective-bargaining representative and his employer; or * * *.

"(d) No court of the United States, of any State, Territory, or possession of the United States, or of the District of Columbia, shall have jurisdiction of any action or proceeding, whether instituted prior to or on or after May 14, 1947, to-

Government intervened in the suit. The constitutional question was briefed and argued, and on September 24, 1947, the trial court upheld its constitutionality, concluded it had no jurisdiction, and, therefore, refused to consider the Master's recommended findings of fact and conclusions of law, and dismissed the action for want of jurisdiction. On October 3, following, plaintiffs filed a motion for a new trial, and on October 8, filed a motion for leave to amend the complaint to conform to the evidence by alleging, in effect, that the contract between the Government and DuPont was executed for their use and benefit. They asked that the complaint be further amended to allege: " * * * that said defendant agreed and contracted to pay said employees for all time during which an employee was required by said defendant to be at duty, or to be on the employer's (defendant's) premises, or to be at a prescribed work place, and also, where baths were required, that time consumed bathing and changing clothes was compensable." The purpose of this proposed amendment was to bring plaintiffs' claims within the exception of Paragraph 252(a) (1) of the Portal-to-Portal Act. The trial court denied the right to amend on the ground that the motion came too late. Judgment dismissing plaintiffs' cause of action for lack of jurisdiction was entered and this appeal followed.

■ Appellants in this court challenge the action of the trial court upholding the constitutionality of the Portal-to-Portal Act. In the recent case of McDaniel v. Brown & Root, 10 Cir., 172 F.2d 466, in line with other courts, we upheld the constitutionality of the Act and we adhere to the decision reached in that case.[2]

Error is also assigned upon the court's ruling dismissing the action for want of jurisdiction; its refusal to consider the case upon its merits; to determine the issues; and from its refusal to find that the time for which recovery was sought was compensable by express provisions of a written contract or a nonwritten contract within the meaning of Section 252(a) (1).

The cause of action pleaded in the original and amended complaints, on file at the time the court decided the case, was for the recovery of overtime compensation, damages, and attorneys' fees under the Fair Labor Standards Act. Admittedly, the activities for which overtime pay was sought were activities which were preliminary to and postliminary to the principal activities for which the plaintiffs were employed by DuPont. In substance, plaintiffs sought to recover overtime pay for that period of time consumed by them in leaving the vehicle by which they came to the premises, and going to the place where they checked in and began their regular activities, and likewise for the time consumed after they checked out and while they were returning to the place where they again obtained their transportation back to their place of residence. In general, they alleged that the time consumed in these activities before and after shift time amounted to at least one hour per day.

■ Nowhere in the amended complaint on file at the time judgment was entered was there any allegation that there was a written or oral contract in force between appellants and DuPont providing for payment for this preliminary and postliminary time. It follows, therefore, from the admitted allegation of the amended complaint that the time for which compensation was sought did not fall within the exception of 252(a) (1) of the Portal-to-Portal Act, and was, therefore, not compensable under Section 252(a), and that Section 252(d) deprived the trial court of jurisdiction of the asserted cause of action.

enforce liability or impose punishment for or on account of the failure of the employer to pay minimum wages for overtime compensation under the Fair Labor Standards Act of 1938, as amended, under the Walsh-Healey Act, or under the Bacon-Davis Act, to the extent that such action or proceeding seeks to enforce any liability or impose any punishment with respect to an activity which was not compensable under subsections (a) and (b) of this section."

[2] For other cases upholding the constitutionality of the Act, see Fisch v. General Motors Corporation, 6 Cir., 169 F.2d 266; Thomas v. Carnegie-Illinois Steel Corp., 3 Cir., 174 F.2d 711.

■ Appellants urge that the trial court erred in refusing permission to amend the complaint to conform to the proof by alleging that the contract between the Government and DuPont was executed for their use and benefit.[3] The application to amend to conform to the proof was not made until October 8, 14 days after the court had dismissed the case. Amendments, after judgment, rest in the sound discretion of the trial court and may be properly denied when the moving party has been guilty of delay.[4]

■ We cannot say that the trial court abused its discretion in denying the right to amend, 14 days after judgment. But in any event, the court ruled correctly on the motion even if such motion be considered on its merits. Appellant sought to amend by alleging that the contract between DuPont and the Government was made for their benefit. In this way they sought to bring themselves within the saving provisions of Section 252(a) (1) of the Portal-to-Portal Act. It has been held, without exception, that contracts such as the one in this case, are not contracts for the benefit of the employees so as to bring their services within the saving provisions of the Act.[5] So also, insofar as the amendment sought to plead a contract between the employees and DuPont, it was wholly insufficient. There is no evidence in the record before this court which would support an allegation that there was an express agreement, either written or oral, between the employees and DuPont, providing for compensation for these preliminary and postliminary services. While appellants complain that the trial court erred in refusing to send up the entire record (the appeal being in forma pauperis), the court afforded them full opportunity to designate all parts of the record material to this, as well as to other issues in the case.

■ Since the court was without jurisdiction of the cause, there was no occasion for it to consider the case upon its merits and determine the issues presented by the Master's recommended findings of fact and conclusions of law.

By supplemental brief, appellee for the first time raises the contention that appellants' rights are governed by the Walsh-Healey Public Contracts Act, 41 U.S.C.A. § 35 et seq., rather than by the provisions of the Fair Labor Standards Act, and that under that Act they may not themselves maintain this action. The recent case of U. S. Cartridge Co. v. Powell, 8 Cir., 174 F.2d 718, is relied upon to sustain this contention.

■ The Administrator of the Wage and Hour and Public Contracts Division of the United States Department of Labor was granted permission to appear as amicus curiae and file a brief. He takes the position that the provisions of the two acts can be harmonized in their relation to appellants' rights and that both have application. But since the case in its inception was pitched squarely on the Fair Labor Standards Act and after the passage of the Portal-to-Portal Act on the saving provisions of the latter act and was tried and disposed of on that theory, it is not necessary to explore and pass upon these new contentions advanced for the first time in this court.

Affirmed.

---

[3] This contract contained provisions with respect to minimum wages and maximum hours and provided penalties for the violation thereof.

[4] Maryland Casualty Co. v. Hosmer, 1 Cir., 93 F.2d 365; Baker v. Barber Asphalt Paving Co., C.C., 92 F. 117; Alder v. Drudis, Cal.App., 170 P.2d 515; Moneta v. Hoinacki, 394 Ill. 47, 67 N.E. 2d 204; Vaillancourt v. Dutton, 115 Vt. 36, 50 A.2d 762.

[5] Fisch v. General Motors Corporation, supra; Thomas v. Carnegie-Illinois Steel Corporation, supra.