Before the First Division

March 24, 1954

No. 57957.—Shell Oil Co., Inc., and A. W. Salter & Co., Inc. v. United States, protest 135145–K (New York).—

Oliver, Chief Judge:   Plaintiffs have moved for a rehearing in the above-entitled case for the "sole purpose of affording an opportunity to the plaintiff to apply for leave of the Court to amend this protest under Rule 6 (c) of the Rules of the United States Customs Court," which rule provides that "A party may amend his protest, * * * at any time by leave of court, and such leave shall be freely given when justice so requires."

This motion for rehearing comes before us after a decision, C. D. 1517, wherein the court overruled the plaintiffs' claim for classification of a commodity, known as "Teepol," under paragraph 80 of the Tariff Act of 1930 as soap, without approving the action of the collector, who had classified the product as an ester under paragraph 37.   The decision concluded with the following paragraph:

The merchandise in question, being a manufactured commodity, as hereinabove set forth, and not being specifically provided for in the tariff act, the product finds classification under paragraph 1558 of the Tariff Act of 1930 as a nonenumerated manufactured article.   Since, however, that claim is not alleged by plaintiffs, the protest must be and hereby is overruled, without affirming the action of the collector.

The statute (section 514 of the Tariff Act of 1930), relating to protests filed against the collector's decisions, requires that when such a protest is filed it shall set forth "distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto."   In the protest under consideration, plaintiffs' principal claim is that the merchandise "is properly dutiable at only 15% under Par. 80, Tariff Act of 1930."   An alternative claim is made, invoking paragraph 1559, but such claim was neither pressed at the time of the trial nor argued in the brief, so no reference was made thereto in the court's decision.   Throughout the course of the trial, plaintiffs' proof was directed entirely toward an attempt to show that the product, "Teepol," was classifiable as soap, and, as stated by Government counsel, with respect to defendant's testimony, "All our defenses are consistent with the classification that the merchandise is an ester." (R. 177.)   Hence, the statement by the court that "the product finds

classification under paragraph 1558 of the Tariff Act of 930 as a nonenumerated manufactured article" is in the nature of *dictum* not essential to the decision.

Plaintiffs' motion, at this time, is based on the premise that said paragraph 1558 must apply to the present merchandise, as indicated in the court's decision. Defendant, on the other hand, takes a different attitude, as disclosed by the memorandum in opposition to the present motion, wherein permission is asked to introduce evidence, if the motion for rehearing is granted. The inference to be drawn from defendant's request is that there is available to the Government certain proof that will show the merchandise in question to be enumerated within the tariff act.

In view of the facts and circumstances, as hereinabove outlined, leading to the motion now before us, it is our opinion that the interests of justice will be served best by setting aside the judgment heretofore rendered and granting a rehearing for all purposes.

It is so ORDERED

### CONCURRING OPINION

MOLLISON, Judge: I concur in the action of my colleagues granting a rehearing in this case, but inasmuch as I believe that the issues raised by the motion for rehearing and by the memorandum offered in opposition to the motion should be discussed and determined, I wish to record my own views in the matter.

The vacating and setting aside of the judgment and the submission in this case is sought for the purpose of permitting the plaintiffs to apply for leave to amend the protest to conform to the evidence. By our decision, reported as *Shell Oil Co , Inc.*, and *A. W. Salter & Co., Inc.* v. *United States*, 30 Cust. Ct. 180, C. D. 1517, we have held that the evidence warrants a judgment establishing the correct classification of the merchandise to be under paragraph 1558 of the Tariff Act of 1930, so that the basic requirements for the extension of the relief sought are present and present a clear case for the application of the discretionary judicial power contained in 28 U. S. C. § 2640 and rule 6 of the rules of this court.

The memorandum offered in opposition to the motion is based upon two grounds: (1) That the plaintiffs are guilty of laches "in waiting until thirty days after the entry of judgment to even express an intention to make such a motion [to amend the protest]" and (2) that such a motion to amend would set up a new cause of action resulting in a new trial upon an issue not presented to the court and upon which new evidence might be necessary.

I fail to see how the body of law with relation to laches has any application to the situation in this case. Laches implies not only negligent, unnecessary, and unexplained delay in the performance of an act which should be done, but some element of inequity or prejudice to the adverse party if the act were permitted to be done. Mere lapse of time alone does not constitute laches. The defendant has not stated or shown that it will be prejudiced if the motion were granted. I find no lack of diligence evidenced by the lapse of 30 days between the discovery that paragraph 1558 was applicable to the merchandise and the filing of the instant motion.

The case cited by counsel for the defendant in the memorandum in opposition to the motion, *Adkins et al.* v. *E. I. Du Pont De Nemours & Co., Inc., et al.*, 176 F. 2d 661, merely states the well-settled principle that—

* * * Amendments, after judgment, rest in the sound discretion of the trial court and may be properly denied when the moving party has been guilty of delay.

The cases cited in a footnote keyed to the last statement show the widespread acceptance of the principle, and at least two of them, *Baker* v. *Barber Asphalt Paving Co.*, 92 F. 117, and *Alder* v. *Drudis* (Cal. App.), 170 P. 2d 515, were cases where appellate courts refused to hold that the actions of trial courts in allowing

440

amendments to conform to the proof after verdict or judgment were abuses oi discretion. It seems to be universally accepted that trial courts have great latitude in the matter, so long as the allowance of the amendment does not affect the substantial rights of the adverse party.

No such rights would be invaded by the granting of the present motion or of the motion to amend contemplated by the plaintiffs. It is urged by the defendant herein that such an amendment would set up a new cause of action upon an issue not presented to the court.

Whether one follows the majority view or the minority view, the decision of the Court of Customs and Patent Appeals in the case of *United States* v. *Macksoud Importing Co. et al.*, 25 C. C. P. A. (Customs) 44, T. D. 49041, is a complete answer to the defendant's contentions. Under the majority view in that case, so long as a proposed amendment relates to the merchandise originally covered by the protest, it is permissible, no matter what issue it seeks to raise. The majority conclusion, that when Congress provided for amendments to protests after this court had obtained jurisdiction of them it did not intend such amendments to be considered new and separate causes of action so long as they related to the merchandise covered by the protest, is supported in a well-documented and reasoned opinion.

The minority conclusion, represented by the dissenting opinion of the late Judge Lenroot, in a very convincing fashion, takes a narrower view, but one which would, nevertheless, permit the amendment contemplated in this case. Judge Lenroot would bar new causes of action sought to be included by amendment to the protest and analyzes the meaning of "cause of action" in connection with this jurisdiction as follows:

The cause of action set out in the protests herein was for the refund of money to the importer arising out of alleged improper classification of merchandise. The merchandise was not the cause of action, but its classification by the collector. In order for the importer to prevail it was necessary for him, first, to establish that the classification made by the collector was wrong, and second, that the classification claimed in his protest was right. *The cause of action was the claimed improper classification by the collector. In my opinion an amendment to a protest setting up an alternative claim to classification under a paragraph not claimed in the original protest would not be a new cause of action, but would merely affect the amount of recovery claimed under the original cause of action, to wit, the classification of the merchandise by the collector.* [Italics added.]

The sole issue raised by the protest at bar was the classification of the imported merchandise, to wit, "Teepol," covered by the entries enumerated therein. Under both the majority and minority views of the *Macksoud* case, *supra*, the defendant had notice that the action of the collector with respect to the classification of that merchandise was in controversy, and, consequently, would not be prejudiced by the addition of an additional claim respecting that action.

I do not believe that at this late stage of jurisprudence anyone denies the existence of the discretionary power in the Court to permit an amendment to a protest, even after judgment, when the interests of justice so require. Certainly, I do not find any such suggestion in the memorandum filed on behalf of the defendant in opposition to the present motion.

See also in this connection the interesting legislative history of the provision in the Tariff Act of 1930 which authorized this court to permit the amendment of protests set forth in the majority opinion in the *Macksoud* case, *supra*, which quotes a report of the Committee on Ways and Means of the House of Representatives indicating it was the intent to permit amendment *at any time*.

As pointed out in the order herein, although the defendant took the position at the time of trial that "All our defenses are consistent with the classification that the merchandise is an ester," it now asks permission to introduce evidence, if the

motion for rehearing is granted, the inference being that such evidence would tend to support some classification other than that made by the collector.

I, therefore, join in the order setting aside the judgment heretofore rendered and granting a rehearing for all purposes.