## H. L. Neverett v. Everett R. Towne

[159 A.2d 345]

January Term, 1960

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed March 2, 1960

448

*Lee E. Emerson* for the defendant.

*N. Henry Press* for the plaintiff.

**Smith, J.** This is a tort action brought under the provisions of §§8329 and 8330, V. S. 47, now 9 V. S. A. §2311 and §2322, on three checks delivered by the defendant to the plaintiff.

Sec. 8329 of V. S. 47 reads:

"A person who makes, draws, utters or delivers a check, draft or order for the payment of money upon a bank or other depository, knowing at the time of such making, drawing, uttering or delivery that the maker or drawer has not sufficient funds in or credit with such bank or other depository for the payment of such check, draft or order in full upon presentation, and which is not paid in full upon presentation, shall be liable in an action of tort on this statute, to the person injured thereby and for want of property, the body of the person so making, drawing, uttering or delivering such check, draft or order may be attached."

Sec. 8330 of V. S. 47 reads:

"As against the maker or drawer thereof, the making, drawing, uttering or delivery of such check, draft or order, the payment of which is refused by the drawee for the reason that the maker or drawer has not sufficient funds in or credit with such bank or other depository for the payment of such check, draft or order in full upon its presentation, shall be prima facie evidence of knowledge at the time of such making, drawing, uttering or delivery that the maker or drawer did not have sufficient funds in or credit with such bank or other depository for the payment of such check, draft or order in full upon its presentatoin, unless such maker or drawer shall pay such check, draft or order, with all costs and protest fees, within eight days after receiving notice that the same has not been paid by the drawee."

The action was brought in the Lamoille County Court; hearing was had before the Court and a judgment was entered

for the plaintiff in the amount of Four Thousand Ninety-five Dollars and Sixty-two Cents, plus bank protest fees, interest and costs. At the time of entering judgment, the Court found that the cause of action arose from the wilful and malicious act or neglect of the defendant, and that the defendant ought to be confined in close jail.

The findings of fact made below, omitting the findings to which exceptions were taken, disclose the following facts in the case. The plaintiff, a resident of the state of New York, is the owner and proprietor of a cattle commission sales establishment doing business in Chazy and Ellenburg, both in the state of New York. The defendant, a Vermont resident, purchased cattle from the plaintiff and trucked cattle for customers of the plaintiff, who paid for such services to the plaintiff, for the benefit of the defendant.

The defendant was a regular customer of the plaintiff at the auction sales held by the plaintiff from 1951 until the fall of 1954, and bought many thousands of dollars worth of cattle from the plaintiff during that period. The defendant paid for his purchases of cattle by delivering checks to the plaintiff drawn on Vermont banks.

Some of the checks so given by the defendant to the plaintiff were returned to the plaintiff, unpaid, because of insufficient funds in the Vermont banks. The defendant made some of these worthless checks good to the plaintiff by replacing them with other and good checks.

One such protested check was replaced by a promissory note from the defendant to the plaintiff, in the amount of Twenty-one Hundred Dollars, and the note was placed with a bank in Plattsburgh, N. Y. by the plaintiff.

The defendant would pay Twenty-five Dollars per week on this note to the bookkeeper of the plaintiff. Such payments were made by the defendant in cash; by adding this sum to checks given for the payment of cattle, and, on at least two occasions, by credits collected by the plaintiff, but due the defendant, for trucking services done for other customers of the plaintiff. The bookkeeper of the plaintiff would wait until he had total payments from the defendant of One Hundred Dollars

in his possession and then would make such payment to the bank. This note was paid in full at the bank, and was returned to the plaintiff, but the plaintiff has not turned it over to the defendant.

The business procedure between the parties was that the defendant would give a check to the plaintiff at the conclusion of each sale between them. These checks, after a delay of a few days, would be deposited for payment in the usual course of his business by the plaintiff in the same manner as other checks received by him.

The checks upon which this action relies were all drawn by the defendant upon the Lamoille County Savings and Trust Co., a Vermont bank, located at Hyde Park, Vermont. The first check, in the amount of One Thousand Two Hundred Forty-two Dollars and Three Cents, was delivered by the defendant to the plaintiff on July 8, 1954. The second check in the amount of One Thousand Ninety-three Dollars and Thirty-seven Cents was delivered on August 17, 1954, and the third check in the amount of One Thousand Four Hundred Fifty Dollars and Twenty-two Cents was delivered by the defendant to the plaintiff on Sept. 7, 1954. The three checks were protested and returned to the plaintiff because of insufficient funds in the bank with which to pay them. They have not been paid by the defendant and suit was brought in the lower court by a writ dated July 17, 1955.

During the time covered by the checks in litigation, the defendant gave the plaintiff nine other checks varying in amount from Two Hundred and Ninety Dollars and Forty-eight Cents to Two Thousand Two Hundred Fourteen Dollars and Twenty-two Cents which were paid on demand. Prior to suit, but after payment had been refused on the three checks set up in this action, trucking credits to the amount of Six Hundred Eighty Dollars accrued to the benefit of the defendant in the hands of the plaintiff. This trucking was done by the defendant at various dates but ending on March 17, 1955. Defendant has not received the amount of such trucking credits.

It is not disputed that the defendant knew, or should have known, at the times that he gave the checks named in this

action that he did not have sufficient funds in the bank to honor the various payments.

The defendant first entered a special appearance in this matter and moved that the action be dismissed on jurisdictional grounds. He has briefed his exception to the refusal of the Court to grant his motion on the ground that the plaintiff has not declared the statutes upon which his action is predicated in his complaint and that therefore, the action is void.

■ An examination of the plaintiff's declaration discloses that while no direct reference is made to the statutes under which the recovery is sought, it is drawn in tort, which the defendant concedes, and that it contains all the essential allegations to bring it under the provisions of V. S. 47, §§8329 and 8330. No direct reference to the statute upon which recovery is sought is necessary if the declaration sets up all the facts required to make a case thereunder. *Mason* v. *Chase*, 118 Vt. 369, 373, 111 A.2d 246, and cases there cited. No error is found in the overruling of the motion to dismiss.

There being no ad damnum clause on his original declaration, the plaintiff moved to amend the same by adding such a clause to the effect that his damage was in the amount of Four Thousand Five Hundred Dollars. To the granting of this motion by the lower court the defendant took an exception, it being his contention that the declaration without such ad damnum clause was void, and not capable of being amended.

■ Our rule is that pleadings may be amended in substance at any state of the proceedings, in the discretion of the court. *Vaillancourt* v. *Dutton*, 115 Vt. 36, 38, 50 A.2d 762. And the statute so permits. 12 V. S. A. §1132. Voidable process is amendable, void process is not. *Barton* v. *Sutton*, 93 Vt. 102, 104, 106 A. 583. The test is whether the amendment introduces a new cause of action. *City Electric Service & Equipment Co.* v. *Estey Organ Co.*, 116 Vt. 435, 436, 77 A.2d 835. Damages in the cause before us could be inferred from the amounts of the checks set forth in the declaration. No new cause of action was sought to be introduced by adding an ad damnum clause. It has long been held by this Court that

a writ and declaration, wanting in nothing but an ad damnum clause, is amendable in that particular. *Lamphere* v. *Cowan*, 42 Vt. 175, 176.

However, the defendant contends that even if it be found that the declaration does set forth a case under the statute, and that adding the ad damnum was permissible, there is still no cause of action here under the statutes sought to be applied because the plaintiff is seeking to give the statutes extra-territorial effect. It is the defendant's argument that because the checks were delivered by the defendant in a foreign jurisdiction, the state of New York, that the action here brought must be decided upon the laws of that jurisdiction, rather than those of the state of Vermont. He cites in support of his position the matter the cases of *Coral Gables, Inc.* v. *Christopher*, 108 Vt. 414, 189 A. 147, 109 A. L. R. 474, and *Bishop* v. *Thompson*, 99 Vt. 17, 130 A. 701.

Both cases cited are actions of contract on notes which the Court found were executed in another state. The Coral Gables case states that although the rights of the parties on the note, made in Florida, are established by the laws of that state, that when the plaintiff seeks his remedy in this state, under our laws, it must abide by our laws. Although we do not believe it applicable to the case before us it would seem to be cold comfort to the defendant if it were pertinent. The Bishop case holds that the place of a contract is where the last act essential to its completion was done.

 The action sought to be brought by the plaintiff in this action is not in contract, nor is it an action on the checks for the collection of a debt. The statute makes it an action of tort, and the design of the statute is to provide indemnity to the holder of an unpaid check falling within its provisions by means of a body action against any person liable under its terms. *Lowell* v. *Eaton*, 99 Vt. 259, 260, 133 A. 744. Persons who are entitled to take advantage of the law are members of the class entitled to be protected by the statute, or for the benefit of whom the statute was intended. The defendant is a resident of this state and subject to its statutes. The plaintiff is a non-resident but no doubt can be raised that the statutes

of a state are for the benefit of non-residents as well as inhabitants of the state. *Pittsburg, C. C. & St. L. Ry. Co. v. Naylor*, 73 Ohio St. 115, 76 N. E. 505, 507, 3 L. R. A., N. S., 473.

The stress in the brief of the defendant is on the point that the injury for which the plaintiff seeks recovery occurred in a foreign jurisdiction and that the Vermont statute would not apply. It is the defendant's view that the injury was inflicted upon the delivery of the checks.

■ We agree that the delivery of the checks is a part of the injury, or tort, set up under the statutory provisions. But there is no dispute that the checks here sued upon were drawn upon a Vermont bank, and that the non-payment of the checks occurred in Vermont. An injury under the statutes declared upon, was suffered here in Vermont when the checks were not paid here. *Lowell* v. *Eaton, supra.*

It therefore follows that although the delivery of the checks was made in the state of New York, that the non-payment of the checks by the Vermont bank because of lack of sufficient funds belonging to the defendant, was enough to bring the plaintiff within the protection of our statutes.

Before we rule on the various exceptions taken and briefed by the defendant to the lower court's failure to find in compliance with the requests of the defendant, we well as the defendant's exceptions to the findings of fact, we must first consider the answer filed in this case by the defendant and the evidence he has adduced in its support.

The answer of the defendant is that before business was entered into between these parties they entered into an agreement relative to any checks which would be given by the defendant to the plaintiff. This agreement, says the defendant, was that his checks were agreed by the plaintiff to be treated as memoranda of account or indebtedness, although it was also agreed that the checks were to be duly presented for payment a few days after they had been delivered.

The agreement then was, states the defendant, that if any checks of the defendant were protested and not paid, that the

plaintiff would waive any body or tort action he might have against the defendant; hold the bad checks as memoranda of the transaction and allow the defendant to pay the indebtedness, witnessed by the defaulted checks, by way of credits such as notes, cash, trucking or other credit.

In his answer the defendant admits he owed the amounts evidenced by the three checks set forth in this action, less certain trucking credits which he says should be applied upon this debt under the claimed agreement.

His defense is that the plaintiff waived this tort action under the agreement made between the parties. And he further defends by alleging that if he had known the plaintiff was not going to honor the alleged agreement relative to his waiver of any tort action, he would not have issued the checks here in question. For that reason, he says, the plaintiff should be estopped from pressing this action.

We have made careful study of the findings of fact, the record of the case before us, and the judgment below, considering them in connection with all the remaining exceptions of the defendant, both as to failures to find, and to the findings of fact. From such study we are convinced that we should vary our normal course of considering each exception in its briefed order, and proceed to decide the questions raised in defendant's exception 6 and defendant's exception 9. We are convinced that the two exceptions just noted are so linked together that a single decision will reach the questions raised by them both, and will also dispose of all other exceptions raised by the defendant.

By his exception 6, the defendant excepted to the lower court's failure to find in accordance with his request to find, No. 18, as follows:

> "18. The understanding and agreement entered into between plaintiff and defendant at the commencement of their dealings was that the defendant would give plaintiff checks for what he bought as memoranda of indebtedness, that when the defendant sold the cattle he gave the checks in payment for, he would deposit the proceeds of the sale in the bank on

which it was drawn, that plaintiff would wait a few days each time before depositing the check for the proceeds of sale to be deposited, that the plaintiff was not to make defendant any trouble for checks not made good, but that such checks were to be paid by the application of trucking credits thereon and other credits including checks that might become due from plaintiff to defendant."

The defendant by his exception 9, excepted to No. 13 of the findings of fact made by the court below, reading as follows:

"The defendant has failed to show by a preponderance of the evidence that the instruments in suit, although purporting to be checks and negotiable as such, were in reality only memoranda of indebtedness."

The defense relied upon in this case is an affirmative one, upon which the defendant carries the burden of proof. *Hooper* v. *Levin*, 112 Vt. 321, 24 A.2d 337; *Houran* v. *Preferred Acc. Ins. Co. of N. Y.* 109 Vt. 258, 271, 195 A. 253. The general rule of evidence is that a defendant who pleads an affirmative defense to the plaintiff's cause of action has the burden of establishing that claim or defense by a preponderance of evidence on that issue. 8 Am. Jur. Bills and Notes, p. 585. The gist of finding of fact No. 13, quoted above, is that the lower court failed to find that the defendant had established his affirmative defense by the required degree of proof. It is the equivalent of an affirmative finding against the defendant. *Doyle* v. *Polle*, 121 Vt. 335, 157 A.2d 226; *Sparrow* v. *Cimonetti*, 115 Vt. 292, 300, 58 A.2d 875. It is apparent that this finding, if sustained, concludes the defendant, unless upon the record and the pleadings other affirmative findings were required to be made by the lower court.

The answer of the defendant alleged an agreement between the plaintiff and the defendant. The only two witnesses to the agreement were stated to be the parties to this action. The plaintiff did not tesiify in the case and, according to the

record, did not put himself to the bother of attending the trial.

The defendant was present and did testify that the parties had made an agreement. He testified that the plaintiff agreed to accept the defendant's checks as "memoranda", but that they were to be deposited for payment by the plaintiff. Had this been his entire testimony on the claimed agreement it might well be that finding of fact 13 would be sufficient to dispose of the defense stated here.

However, the defendant then went on to testify that the plaintiff further agreed that if any of the defendant's checks were unpaid by the bank upon presentation because of insufficient funds he would cause the defendant "no trouble;" instead, he would allow the defendant to pay the amount of such defaulted checks by "trucking or payments of any way I could make it up."

In No. 9 of the findings of fact the lower court found that the defendant has accumulated with the plaintiff, since the time that the checks here had been protested, nearly Seven Hundred Dollars worth of trucking credits which were still in the plaintiff's hands.

The defenses set up in the answer of the defendant are waiver and estoppel.

A waiver is the voluntary relinquishment of a known right. It may be expressed or implied, and that the benefit of a statute may be waived is well established. *Dunbar v. Farnum*, 109 Vt. 313, 322, 196 A. 237, 114 A. L. R. 996. The indispensable elements of an estoppel are ignorance on the part of the person invoking the estoppel; a misrepresentation by the party estopped which misleads, and an innocent and detrimental or deleterious change of position in reliance on the representation. *Nakdimen v. Baker*, 111 F.2d 778; 31 C. J. S. Estoppel, §67, p. 255.

It is evident from finding 13 quoted above, and the total absence of any findings of the court on the defenses of waiver and estoppel, which findings had been requested by the defendant, that the lower court mistook the nature of the defenses in the action. Because the phrase "memoranda of indebted-

ness," as well as other terms of similar import were used so frequently in the answer, it seems apparent that the misconstruction of the issues occurred in believing that the only defense here offered is that the checks delivered by the defendant to the plaintiff were to be treated as memoranda of indebtedness rather than negotiable instruments.

The vital part of the defense, however, is a claimed waiver of the right of action in tort by the plaintiff, and if such waiver was agreed to, the question of how the checks were to be treated between the parties becomes immaterial. The material fact, upon which findings should have been made, was the existence or non-existence of an agreement to waive a tort action on checks delivered by the defendant to the plaintiff. If such an agreement is found it would apply to all checks delivered by the defendant to the plaintiff, no matter how they were to be treated.

■■ In making findings of fact it is the duty of the Court to sift the evidence and state the facts. *Raithel* v. *Hall*, 99 Vt. 65, 66, 70, 130 A. 749. The defendant was entitled to have findings of fact upon the issues made by the pleadings. The findings here do not conform with the issues upon which the defendant was entitled to rely. Indeed, there is an absence of any findings upon the issues of waiver and estoppel raised by the defendant, and there are no other findings which do dispose of the issues so presented, and which would sustain the judgment. The judgment, therefore, is erroneous in that it is not in accord with the issues made by the pleadings, nor is it warranted by the findings of fact which do not support those issues. *Brezinski* v. *Tyler*, 115 Vt. 316, 320, 59 A.2d 221; *Goodenough* v. *McGregor*, 107 Vt. 524, 528, 181 A. 287.

■ The judgment must be reversed, but we will not render judgment here. Because of the divergence between the pleadings and the findings, with the resulting confusion, and the fact that upon further trial, and additional findings, a different result might be reached, we will remand the cause in the interest of justice. *Brezinski* v. *Tyler, supra*; *Rice* v.

*Bennington County Savings Bank*, 93 Vt. 493, 512, 108 A. 708. In view of this decision and the order that follows, the various other exceptions to findings, failures to find, judgment and execution are no longer pertinent and we need not consider them.

*Judgment reversed and cause remanded.*