## In re Petition of Brassard Brothers, Inc. v. Barre Town Zoning Board of Adjustment

[264 A.2d 814]

No. 67-69

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed April 7, 1970

*Martin, Free & Bernasconi,* Barre, for Plaintiff.

*Monte & Monte,* Barre, for Defendant.

**Holden, C.J.** The plaintiff owns land on the Cobble Hill Road in the town of Barre. By the enactment of a zoning ordinance which took effect September 13, 1966, the plaintiff's land was designated for commercial use. At that time the plaintiff maintained a garage on the premises which was used to house equipment used by the plaintiff in its construction business.

The plaintiff made application to the defendant board of adjustment for permission to demolish the existing garage and rebuild a new garage at the same location. The application was granted on February 6, 1968.

During the course of construction the plaintiff filed a second application with the board of adjustment for permission to construct a single unit residential apartment over the new garage. The second application was denied on February 27, 1968. The plaintiff appealed from this decision to the Washington County Court, as provided in 24 V.S.A. § 3022, then in effect.

The county court sustained the landowner's appeal, vacated the order of the zoning board of adjustment and granted the plaintiff permission to construct the apartment. From this result, the town appeals.

The findings of fact which underlie the court's order presented for our review report that the plaintiff has owned the land in question for five years. During that period the property consisted of the garage that was replaced and a building referred to by the owners as the red barn. This structure was used as a warehouse and also housed two apartment dwellings. These buildings were used by the plaintiff in its construction business at the time the zoning ordinance went into effect. The court also found that the area around the commercial zone in question is residential.

The intended use of the proposed new over-garage apartment is to provide living quarters for the plaintiff's president. This officer desires to live at this location in order to supervise and maintain a watch over the equipment stored in the area. The findings state that the exclusion of such use will impose an unnecessary hardship and practical difficulty for the corporation.

In appealing to the court below, the plaintiff contended that the decision of the Barre board of adjustment was illegal and unreasonable. The claim is stated on two grounds: (1) that the zoning ordinance for Barre Town fails to include residential dwellings or structures in areas designated as commercial zones, (2) that the ordinance denies the plaintiff the right to construct a residential apartment in a structure which had been used as a residential apartment prior to the adoption of the zoning ordinance.

The defendant town of Barre answered with a general denial. It also alleged, as an affirmative defense, that the permit of February 6, 1968 was granted as a variance to the zoning ordinance upon the express condition that only a garage would be constructed on the plaintiff's land.

The court determined the appellant's first claim by holding that the provisions of the zoning ordinance do permit the use sought in the plaintiff's application.

The uses permitted in commercial zones are specified in Section XI of the ordinance. Residential use is not included in the use of commercial activities specified. Consequently the proposed additional use of the garage for a residence would be non-conforming to the regulations prescribed for the commercial zone in which it was located.

This engages the second question which claims that the plaintiff had the right to construct a residential apartment by reason of prior use existing at the time of the adoption of the zoning ordinance. Section XXII of the ordinance relates to non-conforming uses. It provides that no regulation in the ordinance shall apply to existing structures nor to the existing use of any buildings, but shall apply to any expansion or enlargement of such buildings. This section also exempts from the operation of the ordinance the reconstruction of any existing building damaged by the elements or catastrophe,

provided such reconstruction does not enlarge or alter the use or purpose of the building at the time the regulations went into effect.

In this connection it appears from the testimony and the findings that the building, which the plaintiff seeks to enlarge for dwelling purposes, did not house an apartment dwelling when the ordinance was adopted on September 13, 1966. The apartments were located in the red barn or warehouse building, which apparently are unaffected by the new construction.

█ It is the general policy of zoning to carefully limit the extension of a non-conforming use. Accordingly, the enlargement of a non-conforming use by new construction is treated as a variance, rather than an exception to the regulations. *Ackley* v. *Nashua,* 102 N.H. 551, 163 A.2d 6, 9; Accord, *DeWitt* v. *Town of Brattleboro Zoning Board of Adjustment,* 128 Vt. 313, 262 A.2d 472.

Reference to Section XXII, subparagraph 4, in the findings indicates that the court also treated the plaintiff's application as a variance. The section referred to provides:

> The Board may permit in the commercial zone in any specific case additional uses to those permitted by Section XI of this ordinance provided that the Board finds that (a) the proposed use is similar to one or more of the uses authorized by Section IX; (b) the exclusion of said additional use from the commercial zone involves practical difficulty or unnecessary hardship.

The residential use proposed by the construction company bears no similarity to the commercial and recreational enterprises listed in Section XI of the ordinance. It thus appears that the court based its decision upon the hardship and practical difficulty which would develop from the denial of the landowner's application for a variance.

The court's consideration of hardship relates to the defendant's first claim of error. The town contends the county court, in reaching this question, exceeded its jurisdiction by treating the landowner's appeal to that court as a *de novo* proceeding.

Strictly speaking, the claim does not raise a jurisdictional question. The section of the zoning statute which authorized

the appeal from the decision of the zoning board of adjustment provides a person aggrieved may apply by petition to the county court within the time prescribed, "specifying the grounds upon which the (decision) is claimed to be illegal or unreasonable." 24 V.S.A. § 3022.

The petition called for by this section serves the same purpose as a complaint in an ordinary civil proceeding. The town responded accordingly with a general denial and an allegation of an affirmative defense. The county court's consideration of the appeal was limited to the issues presented by the landowner's petition and the town's answer. *In re Crescent Beach Association*, 125 Vt. 321, 324, 215 A.2d 502.

The plaintiff seeks to justify the lower court's departure from the pleadings by urging that the issues were enlarged by the conduct of the hearing. It points out that the defendant raised no question concerning the sufficiency of the pleadings when evidence on this point was presented.

■ The general rule that cases are to be tried according to the issues made by the pleadings may be limited or enlarged by the conduct or agreement of counsel. When the trial takes such a course, an issue may be introduced in the case which was not properly pleaded. *Vaillancourt* v. *Dutton*, 115 Vt. 36, 37, 50 A.2d 762.

In the present case the evidence relating to the hardship which will result to the landowner is scanty at best. Mr. Brassard testified he was planning to live in the apartment himself. He was asked by his counsel:

Q. Would it create any hardship to you if you were not allowed to live there? A. Yes.
Q. In what way? A. Well we could oversee the premises along with the equipment.
Q. You have your building equipment on the premises? A. Yes.

■ This testimony was received without objection. But even if it can be said that it introduced the question of hardship, outside the pleadings, the evidence is insufficient to sustain the claim. In order to override the decision of the board of adjustment on the denial of a variance, the difficulties and hardship should be substantial and of compelling force. The fact that the land in question adjoins a district where such use

is permitted is not controlling. *Real Properties* v. *Board of Appeal*, 319 Mass. 180, 65 N.E.2d 199, 168 A.L.R. 8, 11 and annotation; 58 Am.Jur., Zoning § 203.

■■ The courts should not interfere with the administrative action of the zoning board unless the denial of the variance is shown to be clearly unreasonable, arbitrary or capricious. *DeWitt* v. *Town of Brattleboro Zoning Board of Adjustment, supra; City of Rutland* v. *Keiffer*, 124 Vt. 357, 367, 205 A.2d 400. The record fails to support the lower court's determination that the exclusion of a residence from the use of the plaintiff's garage building will impose an unnecessary hardship and practical difficulty sufficient to compel revocation of the decision of the zoning board. Since the finding diverges from the pleadings and is not supported by the evidence, it is without force to sustain the judgment. *Neverett* v. *Towne*, 121 Vt. 447, 458, 159 A.2d 345; *Brezinski* v. *Tyler*, 115 Vt. 316, 320, 59 A.2d 221.

The judgment must be reversed. And we are not persuaded that a remand for further proceedings and additional findings would serve or supply the deficiency which produced the reversal. Accordingly, without reaching the remaining assignments of error claimed by the defendant, we will enter final judgment here.

*Order of the Washington County Court is reversed and the denial of the plaintiff's application by the Town of Barre Zoning Board of Adjustment is reinstated. Let the result be certified.*